**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ZELLA MAE GREEN, | ) | CASE NO. 04-60083 |
| | ) | |
| Debtor. | ) | JUDGE MURPHY |
| | ) | |
| ZELLA MAE GREEN, | ) | |
| | ) | |
| Movant, | ) CONTESTED MATTER |
| | ) | |
| v. | ) | |
| | ) | |
| LITTON LOAN SERVICING, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MOVANT'S FIRST REQUESTS FOR ADMISSIONS
TO LITTON LOAN SERVICING

TO:    LITTON LOAN SERVICING AND ITS ATTORNEYS OF RECORD,  MORRIS,
SCHNEIDER & PRIOR, L.L.C.

Movant Zella Mae Green, pursuant to F.R.B.P. Rules 7026 and 7036, hereby

requests that Respondent Litton Loan Servicing and its attorney specifically admit or

deny the statements contained hereinbelow at the offices of Howard D. Rothbloom, 166

Anderson Street, Suite 225, Marietta, GA 30060 or via United States Mail to Howard D.

Rothbloom, 166 Anderson Street, Suite 225, Marietta, GA 30060, within the time allotted

under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy

Procedure.

I. INSTRUCTIONS

1.    Respondent is requested to specifically admit or deny each statement set

forth herein.  Respondent may explain the purposes of any denial.

2.     Each response shall be preceded by a verbatim quotation of the request to which response is made.

## II. DEFINITIONS

A.     These requests for admissions shall be deemed continuing in nature so as to require supplemental answers if further or different information is obtained between the time the answers are served and the time of trial or hearing.

B.     "Respondent" or any synonym thereof, including, without limitation, "you", "your", "yours", "Litton Loan Servicing", or "Litton" is intended to entail, embrace and include, in addition to Respondent Litton Loan Servicing, or its counsel of record, all agents, principals, servants, employees, representative, investigators, directors, shareholders, and other persons or agencies who are in possession of or have obtained information for or on behalf of said Respondent.

C.     "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

D.     Where no definition has been given, the word or term shall have its commonly understood meaning or definition as set forth in the most recent edition of *Webster's Abridged Dictionary*.

## REQUESTS FOR ADMISSIONS

1.

On January 14, 2004, Litton Loan Servicing did not hold a deed to secure debt on real property owned by Debtor and located at 1787 Thomas Terrace, Decatur, Georgia

("Debtor's Residence").

2.

Morris, Schneider & Prior, L.L.C. is counsel for Litton Loan Servicing in the above-captioned bankruptcy case.

3.

On January 14, 2004, Morris, Schneider & Prior, L.L.C. was not counsel for Saloman Brothers Realty Corp. in the above-captioned bankruptcy case.

4.

On January 14, 2004, Morris, Schneider & Prior, L.L.C. maintained no evidence in its records that Litton Loan Servicing held a deed to secure debt on Debtor's Residence.

5.

On January 14, 2004, Litton Loan Servicing was not the holder of the deed to secure debt on Debtor's Residence.

6.

On January 14, 2004, Morris, Schneider & Prior, L.L.C. maintained evidence in its records that Saloman Brothers Realty Corp. was the holder of the deed to secure debt on Debtor's Residence.

7.

Attorney's fees incurred by Litton Loan Servicing in this case have been added to Debtor's loan with the holder of the deed to secure debt on Debtor's Residence.

8.

Morris, Schneider & Prior, L.L.C. maintains no evidence in its records that Litton

Loan Servicing ever held a deed to secure debt on Debtor's Residence.

9.

Litton Loan Servicing never held a deed to secure debt on Debtor's Residence.

Respectfully submitted this 17th day of March 2004.

/S/

_____
HOWARD D. ROTHBLOOM
Attorney for Movant
Georgia Bar #915670
166 Anderson Street
Marietta, GA 30060
770-792-3636