# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ZELLA MAE GREEN, | ) | CASE NO. 04-60083 |
| | ) | |
| Debtor. | ) | JUDGE MURPHY |
| | ) | |
| ZELLA MAE GREEN, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | FILE NO. _____ |
| LITTON LOAN SERVICING, L.P.; | ) | |
| CITIGROUP GLOBAL MARKETS | ) | |
| REALTY CORP., a subsidiary of | ) | |
| CITIGROUP GLOBAL MARKETS, INC. | ) | |
| f/k/a SALOMON BROTHERS REALTY | ) | |
| CORP.; WELLS FARGO BANK, N.A. | ) | |
| d/b/a AMERICA'S SERVICING | ) | |
| COMPANY; and WELLS FARGO HOME | ) | |
| MORTGAGE, INC., a subsidiary of | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO DETERMINE EXTENT OF LIEN ON REAL PROPERTY**

COMES NOW Zella Mae Green, named as Plaintiff herein and brings this, her Complaint To Determine Extent of Lien on Real Property as follows:

1.

This is a core proceeding pursuant to 28 U.S.C. §157.

2.

The bankruptcy court properly has subject matter jurisdiction over this matter by virtue of Debtor having filed a bankruptcy petition before this Court.

3.

This Court properly has pendant jurisdiction over state claims arising from the conduct of the defendants giving rise to this litigation.

4.

Defendant Litton Loan Servicing, L.P. may be served by service upon its registered agent, Corporation Service Company, 40 Technology Parkway S., Suite 300, Norcross, GA 30092.

5.

Defendant Citigroup Global Markets Realty Corp., a subsidiary of Citigroup Global Markets, Inc., f/k/a Salomon Brothers Realty Corp., may be served by service upon the registered agent for Citigroup Global Markets, Inc., CT Corporation Systems, 1201 Peachtree Street, Atlanta, GA 30361.

6.

Defendant America's Servicing Company is owned by Wells Fargo Home Mortgage, Inc., a subsidiary of Wells Fargo Bank, N.A. Defendant Wells Fargo Bank, N.A. may be served via certified mail upon its Chairman and Chief Executive Officer, Richard M. Kovacevich, P.O. Box 63750, San Francisco, CA 94163 and 420 Montgomery Street, San Francisco, CA 94163. Service may additionally be perfected upon James M. Strother, Executive Vice President and General Counsel.

**Facts**

7.

Plaintiff hereby incorporates paragraphs 1 through 6 above by reference as if wholly set forth herein.

8.

Plaintiff owns the real property located at 1787 Thomas Terrace, Decatur, GA 30032 and uses that property as her residence.

9.

The loan secured by Plaintiff's residence originated on October 31, 1988 and was held by All Georgia Mortgage Corp. in the original principal amount of Forty Thousand Two Hundred Fifty and 00/100 ($40,250.00) Dollars. The note provides for monthly payments of Three Hundred Fifty Three and 23/100 ($353.23) Dollars.

10.

Plaintiff's payments under the note were current as of August 1, 2000.

11.

Plaintiff's payments remained current after August 1, 2000 until November 2003.

12.

In November 2003, Salomon Brothers Realty Corp., claiming that Plaintiff was contractually delinquent in an amount in excess of $37,622.99, accelerated the note and commenced foreclosure proceedings.

13.

The claimed delinquency was false.

14.

Plaintiff filed her case under chapter 13 of the Bankruptcy Code on January 2, 2004.

15.

On or about January 14, 2004, a proof of claim was filed by Litton Loan Servicing as creditor and listed as claim number 1 on the claims register by the clerk of this court. The proof of claim was signed by David C. Whitridge as attorney at law for the Creditor.

16.

On or about March 30, 2004, the proof of claim listed as claim number 1 on the claims register by the clerk of this court was amended to reflect "Litton Loan Servicing, as Servicer for Salomon Brother's (sic) Realty Corp." as creditor. The proof of claim was signed by David C. Whitridge as attorney at law for the Creditor. An assignment of Deed to Secure Debt was attached indicating Salomon Brothers Realty Corp. as the most recent assignee of the deed to secure debt. No power of attorney was attached.

17.

On March 15, 2004, a Motion to Disallow Claim was filed by Zella Mae Green alleging in paragraph 4: "Litton Loan Servicing is not a creditor of Debtor and, therefore, has no standing to file a Proof of Claim in this case."

18.

On August 23, 2004, a Notice of Transfer of Loan Servicing was filed by David C. Whitridge on behalf of Litton Loan Servicing stating that the loan secured by Debtor's residence "has been transferred and service released to a separate entity". The new "servicer/creditor" was identified as "Citigroup Global Markets Realty Group".[1]

---

[1] On September 1, 2004, an emergency motion seeking a continuance of the hearing on the motion to disallow the claim was sought on behalf of an entity identified as "Citigroup Global Market Realty Corp."

19.

On or about October 20, 2004, Wells Fargo Home Mortgage, Inc. submitted Affidavit of Lost Note to Debtor, attached hereto as Exhibit "A", indicating that it is the lawful owner of the note and that the note cannot be located.

20.

On October 26, 2004, Motion to Disallow Claim Filed by Litton Loan Servicing, L.P., filed by Debtor on March 15, 2004, came on for hearing.  The hearing was attended by Howard D. Rothbloom, counsel for Movant Zella Mae Green, and Richard H. Siegel, counsel for Respondent America's Servicing Company as successor to Litton Loan Servicing, L.P. as servicer for Salomon Brothers Realty Corp. n/k/a Citigroup Global Markets Realty Corp.

21.

At the hearing, counsel for Respondent announced that he had no legal basis to oppose the motion.

22.

On November 18, 2004, the Court entered Order on Motion to Disallow Proof of Claim Filed by Litton Loan Servicing, L.P. disallowing claim number 1 on the claims register, as amended, on the basis of the allegation(s) set forth in paragraph 4 of the Motion.

Count One

23.

Plaintiff hereby incorporates paragraphs 1 through 22 above by reference as if wholly set forth herein.

24.

Defendant Litton Loan Servicing, L.P. does not hold a security interest in Debtor's property.

Count Two

25.

Plaintiff hereby incorporates paragraphs 1 through 24 above by reference as if wholly set forth herein.

26.

Defendant Citigroup Global Markets Realty Corp., a subsidiary of Citigroup Global Markets, Inc. does not hold a security interest in Debtor's property.

Count Three

27.

Plaintiff hereby incorporates paragraphs 1 through 26 above by reference as if wholly set forth herein.

28.

Defendant America's Servicing Company does not hold a security interest in Debtor's property.

Count Four

29.

Plaintiff hereby incorporates paragraphs 1 through 28 above by reference as if wholly set forth herein.

30.

Defendant Salomon Brothers Realty Corp. does not hold a security interest in Debtor's property.

Count Five

31.

Plaintiff hereby incorporates paragraphs 1 through 30 above by reference as if wholly set forth herein.

32.

Defendant Wells Fargo Home Mortgage, Inc. does not hold a security interest in Debtor's property.

Count Six

33.

Plaintiff hereby incorporates paragraphs 1 through 32 above by reference as if wholly set forth herein.

34.

Alternatively, Plaintiff's payments under the note secured by her residence were current until November 2003.

35.

One or more of the defendants named herein, in concert with one another, have commenced wrongful foreclosure proceedings against Plaintiff.

36.

Debtor has been wrongfully forced into the current bankruptcy in order to save her home.

37.

The actions of these defendants have caused Plaintiff mental and emotional harm.

38.

Plaintiff is entitled to recover damages for these harms.

39.

Plaintiff is entitled to an award of attorney's fees for being forced to file the instant case and for being forced to prosecute her interests in this adversary proceeding.

40.

Plaintiff is entitled to an award of punitive damages for the willful, wanton and malicious acts of the Defendants taken in complete abandon for the consequences thereof in an amount to be determined by the Court.

WHEREFORE, Plaintiff prays for relief as follows:

a. That summons issue and be served on defendants together with this complaint;

b. That Plaintiff's complaint be read and considered;

c. That this Court enter an order holding that Plaintiff's loan was current until November 2003;

  d.  That this Court hold that none of these defendants has a security interest in Plaintiff's residence;

  e.  That this Court grant Plaintiff damages for wrongful foreclosure;

  f.  That this Court grant Plaintiff an award for emotional distress in an amount to be proven at trial;

  g.  That this Court grant Plaintiff an award of punitive damages in an amount to be determined by the Court;

  h.  That this Court grant Plaintiff attorney's fees in an amount that the Court deems to be reasonable; and

  i.  That Plaintiff be granted such other and further relief as the Court deems just, equitable and proper.

This _____ day of January 2006.

/S/

HOWARD D. ROTHBLOOM
Attorney for Plaintiff
Georgia Bar No. 915670

31 Atlanta Street, Suite 303
Marietta, GA 30060
770-792-3636